NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Hon. Dennis M. Cavanaugh |
| JOHN F. GALTIERI, | **OPINION** |
| Plaintiff/Appellant | Bankruptcy Case No. 00425-49 (MS) |
| v. | |
| PATRICIA KANE (Administrator of the Estate of Jeanne M. Kane, Deceased Creditor/Appellee). | Civil Action No. 07-cv-05654 (DMC) |
| Defendant/Appellee. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court by Appellant, John F. Galtieri ("Appellant") pursuant to 28 U.S.C. SEC 158(a). Appellant partially appeals the Bankruptcy Court's Order of August 17, 2007 as he argues that the subject $25,948.45 in *pendente lite* arrears owed to Jeanne Kane has already been paid in accordance with the closing of his Bankruptcy estate. Appellant argues that the Honorable Morris Stern, U.S.B.J.'s August 17, 2007 Order was entered in error because it did not void the subject alimony arrears from the State Court Order entered on June 27, 2007. Jeanne Kane is deceased, having been murdered on January 30, 2008; Appellant is in custody awaiting trial for her murder and claims innocence. Jeanne's daughter[1], Patricia, is the Administrator of Jeanne Kane's estate and is the Appellee in this action. Appellee Patricia Kane moves to have this Court

---

[1] It is unclear whether John Galtieri is Patricia Kane's father.

re-open the bankruptcy case to contest the discharge of her mother's *Tevis* claim.

I. BACKGROUND

On January 28, 2008, Appellant applied to this Court for entry of default judgment, which this Court denied on February 8, 2008, setting forth a briefing schedule, with which the parties have complied.

Appellant/Debtor and Deceased Creditor, Jeanne Kane, were divorced on May 19, 2003. Judge Stern noted that the Judgment of Divorce was was marked by assertions that Appellant brutalized Jeanne throughout the marriage and that Appellant has tactically attempted to abuse both the state and bankruptcy court systems by filing adversary proceedings against a number of matrimonial judges, the bankruptcy trustee and counsel to Jeanne, until she was unable to afford counsel. Judge Stern noted further that he restricted Appellant from initiating adversary proceedings in the Bankruptcy Court because of his tactics. See *In Re* Galtieri, Memorandum Opinion, August 17, 2007, pp. 1-2.

Appellant filed a bankruptcy petition on November 20, 2000, which was converted to a Chapter 7 proceeding on April 26, 2001. See Id. The last day to oppose a discharge was August 6, 2001 and the last date to file proof of claims was September 4, 2001. (October 29, 2007 Order, p. 3). A Bankruptcy Court Order was entered on June 27, 2001 which added Jeanne as a creditor to Debtor/Appellant's Bankruptcy case, requiring her to file a proof of claim excepting her from a discharge, or a complaint denying Appellant's discharge by August 27, 2001. (Id.). Jeanne filed a proof of claim on August 29, 2001, but did not file a complaint excepting her from the *Tevis* portion of the debt. (Id.). Appellant's discharge was entered September 4, 2001. (Id. p. 3). Jeanne did not

file an extension to enlarge the time period in which a party in interest may file a complaint to except from discharge of a debt pursuant to 11 U.S.C. § 523(a)(6). (Id. p. 3). The Bankruptcy Court's orders of March 13, 2002 and December 15, 2003 mark instances where Jeanne failed to seek an extension. (Id.). The Bankruptcy case was finally closed on January 29, 2007. (Id.).

By orders of June 27, 2007 and July 11, 2007, the Superior Court of New Jersey, Chancery Division-Family Part, Monmouth County, enforced Jeanne's rights through her daughter, Patricia. See *In Re* Galtieri Opinion, August 17, 2007, p. 1. Judge Stern Ordered that the June 27, 2007 Superior Court Order was voided as to the *Tevis* claim and the marital residence restitution claim, with the remainder of that state court Order being unaffected. See *In Re* Galtieri Order, August 17, 2007, p. 3. Further, Judge Stern ordered that the relief provided for was stayed, pending full briefing from the parties. On October 29, 2007, Judge Stern entered an Order which rendered the August 17, 2007 Order final and denied the relief sought by Patricia Kane to reopen the Bankruptcy case by filing an exception to discharge out of time. This order closed the Bankruptcy case again. (October 29, 2007 Order, p. 5).

Essentially, Appellant urges this Court to partially reverse Judge Stern's August 17, 2007 Order wherein it deals with alimony and support because Appellant argues that his exemptions in bankruptcy were supposed to be applied to the *pendente lite* arrears as ordered by Judge Stern on March 13, 2002, June 12, 2002 and December 15, 2003. (Appellant's Brief, pp. 2, 11). Curiously, Appellant does not include these Orders with his Brief, even though the parties were instructed to furnish paper copies to this Court's Chambers. Appellant alleges that Judge Stern erred in his October 29, 2007 Order when he did not void the state court order awarding $35,705.88 in arrears. (Id. p. 3). Appellant argues that his debtor's exception of $16,150 must be credited to the $25,945.98

*pendente lite* arrears. Appellant argues that any outstanding debts would have prohibited the closing of the case.

Appellant states that Judge Stern's December 15, 2003 Order directed Appellant to pay Jeanne *pendente lite* arrears in the amount of $25,945.48 and that Jeanne's alimony and support give her access to Appellant's exemption in the amount of $16,150 in order to satisfy the divorce judgment. (Id, p. 4). Appellant states that the distribution of assets from Debtor/Appellant's exemption should have been made to Jeanne in partial satisfaction of the *pendente lite* support and alimony judgment of $25,945.48. (Id. p. 5). Again, Appellant does not offer this Order for this Court's review. Appellant argues that if he is not given credit for his debtor's exemption of $16,150 against the *pendente lite* arrears of $25,945.98, then it would be as if the Kane estate received a bonus of $16,150. (Id. p. 9).

## II.   STANDARD OF REVIEW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges." In reviewing an order of the Bankruptcy Court, a District Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a *de novo* standard to the Bankruptcy Court's legal conclusions. See *In re* Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); *In re* Morrissey, 717 F.2d 100, 104 (3d Cir. 1983); Fed R. Bankr. P. 8013.

## III.   DISCUSSION

Patricia Kane, Administrator of the Estate of Jeanne Kane, moves to reopen the subject

4

bankruptcy case in order to contest the discharge of her mother's *Tevis* claim. This Court finds no erroneous findings on the part of the Bankruptcy Court in determining that this request is out of time. The time expired for a party to file an complaint excepting a date from discharge on August 27, 2001. (October 29, 2007 Order, p. 5). The Bankruptcy Court did not err in denying the relief sought by Patricia Kane. As such, the October 29, 2007 Order of the Bankruptcy Court is upheld in this respect.

Judge Stern noted in his Memorandum Opinion of August 17, 2007 that the Bankruptcy Court abstains in favor of Appellant's court of choice, Superior Court, as the Bankruptcy Court shall not serve as an appellate forum for a State Court determination, or matrimonial court regarding post-bankruptcy disputes. *In Re* Galtieri, Memorandum Opinion, August 17, 2007 at 7. Judge Stern also noted that Appellant is undeserving and is primarily responsible for the cost and confusion in the intermingling of the bankruptcy and matrimonial cases. Id. The Bankruptcy Court abstained from almost all of the aspects of alimony and child support except the $16,150 credit given to Appellant for that amount's distribution to Jeanne. Id. at 6.

Appellant argues that Judge Guadagno, Superior Court of New Jersey, refuses to apply the subject $16,150 to the *pendente lite* arrears as Judge Stern ordered. At the heart of Appellant's argument is a misunderstanding; Appellant is not appealing a final order of judgment from the Bankruptcy Court, but rather, agrees with the Bankruptcy Court's determination, that the $16,150 homestead exemption should be credited against the *pendente lite* arrears. This Court is not an appeals court for state court determinations and Appellant disagrees with a state court determination. This Court agrees with the Bankruptcy Court's findings, which is where this Court's appellate review ends. Since Appellant wants the Superior Court in a related matter to respect the Bankruptcy

Court's Order, this Court, as an Appeals Court of final Bankruptcy Court decisions, is powerless to grant Appellant the relief he seeks, and thus Appellant's appeal is **denied**.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that the Bankruptcy Court ruling on August 17, 2007 is hereby **affirmed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       April 7, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File